## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-cv-20059-BLOOM/Otazo-Reyes

JENNIFER CASTILLO and
ALAIN SANCHEZ,

  Plaintiffs,

v.

GEOVERA SPECIALTY INSURANCE
COMPANY,

  Defendant.

_____/

## ORDER REMANDING CASE

**THIS CAUSE** is before the Court upon a *sua sponte* review of Defendant's Notice of

Removal, ECF No. [1] ("Notice"), and Plaintiffs' Complaint ("Complaint"), ECF No. [1-1] at 7-

9, which was removed from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida

to this Court. For the reasons set forth below, the Court finds that Defendant has failed to establish

the existence of subject matter jurisdiction in this case.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized

by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian*

*Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed

that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests

upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11

(1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). A "district

court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz*

*v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). This is because federal courts are "'empowered

to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

In the Notice, Defendant asserts that this Court has diversity jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332. ECF No. [1]. "A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)); *see also* 28 U.S.C. § 1332(a).

"To determine whether this standard is met, a court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (citation omitted), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (citation omitted). Even so, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d

at 754 (citations omitted). "Where, as in this case, the complaint alleges an unspecified amount of damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). Moreover, "defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "affidavits, declarations, or other documentation." *Pretka*, 608 F.3d at 755. The Court may also use its judicial experience and make reasonable inferences and deductions to determine the amount in controversy. *See Roe*, 613 F.3d at 1061-62; *Pretka*, 608 F.3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing"); *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1360 (S.D. Fla. 2015). "However, courts must be mindful that removal statutes are construed narrowly and that uncertainties are resolved in favor of remand." *Chiu v. Terminix Co. Int'l, L.P.*, No. 8:16-cv-306-T-24 JSS, 2016 WL 1445089, at *1 (M.D. Fla. Apr. 13, 2016) (citing *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

The Court first reviews the allegations in the Complaint – the operative pleading – to determine whether the amount in controversy is satisfied. Plaintiffs' Complaint asserts claims for damages sustained as a result of Hurricane Irma, and Defendant's failure to provide coverage pursuant to an insurance policy. Significantly, in the first paragraph of the Complaint, Plaintiffs allege only that: "[t]his is an action for damages greater than the sum of THIRTY THOUSAND DOLLARS, exclusive of interest, costs, and attorney's fees . . . ." ECF No. [1-1] at 7, ¶ 1. As such, it is not facially apparent from the Complaint that the amount in controversy is satisfied.

Because Plaintiffs do not plead a specific amount of damages, the Court next looks at the Notice to determine whether the amount in controversy is satisfied, mindful that it is Defendant's burden to establish subject matter jurisdiction. Defendant contends that the amount in controversy is satisfied because Plaintiffs have provided a repair estimate totaling $61,416.83, and Plaintiffs have made a demand for $100,000.00 inclusive of attorney's fees and costs under Florida Statutes § 627.428. In addition, Defendant asserts that because Plaintiffs seek to recover attorney's fees, the Court may include such fees in the amount in controversy and conclude that a reasonable attorney's fee in this case would easily exceed the amount necessary to satisfy the amount in controversy. The Court disagrees.

"The general rule is that attorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003) (citing *Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981)); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); *see also Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933). However, "when the amount in controversy substantially depends on a claim for attorney fees, that claim should receive heightened scrutiny." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1080 n.10 (11th Cir. 2000).

Although the Eleventh Circuit has explained that, "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy," *Morrison*, 228 F.3d at 1265, it has not yet clarified whether the amount of attorney's fees included in the amount in controversy is the amount accrued at the time of removal or the prospective amount of attorney's fees required to litigate the entire case. This issue of including statutory

attorney's fees in the amount in controversy has caused a split in district courts within the Eleventh Circuit. *See Bender v. GEICO Gen. Ins. Co.*, No. 8:17-cv-872-T-33TBM, 2017 WL 1372166, at *1 (M.D. Fla. Apr. 17, 2017) (discussing the divide among courts in this Circuit "over whether to include the projected amount of attorney's fees or only attorney's fees as of the time of removal" (citations omitted)); *Brown v. Am. Exp. Co., Inc.*, No. 09-61758-CIV, 2010 WL 527756, at *7 (S.D. Fla. Feb. 10, 2010) (discussing the "[c]onflicting case law [that] exists as to whether the amount of attorney's fees for the amount-in-controversy analysis should be calculated as of the date of removal or through the end of the case" (citations omitted)).

Despite this split, many district courts across Florida have calculated these statutorily authorized attorney's fees as those accrued at the time of removal, especially in determining whether federal jurisdiction exists.[1] This conclusion is in line with Eleventh Circuit precedent establishing that "[j]urisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal*. . . . That plaintiff *might* ask for or recover more after removal is not sufficient to support jurisdiction." *Burns*, 31 F.3d at 1097 n.13 (citations omitted). In addition, calculating attorney's fees as of the time of removal comports with "the general rule that post-removal events, such as the subsequent generation of attorney fees, cannot create jurisdiction that was lacking at the outset." *Lott & Friedland, P.A.*, 2010 WL 2044889, at *4 (citing *Rogatinsky*, 2009 WL 3667073, at *3 ("post-removal events . . . will not retroactively establish subject-matter jurisdiction.")); *Waltemyer*, 2007 WL 419663, at *2 ("While attorney fees through the conclusion of the litigation are included when the action is filed initially in federal court, there is no reason to

---

[1] *See Frisher v. Lincoln Benefit Life Co.*, No. 13-20268-CIV, 2013 WL 12092525, at *2 (S.D. Fla. Aug. 19, 2013); *Gold v. Traveler Indem. Co.*, No. 12-80036-CIV, 2012 WL 13019199, at *2 (S.D. Fla. Mar. 29, 2012); *Lott & Friedland, P.A. v. Creative Compounds, LLC*, No. 10-20052-CV, 2010 WL 2044889, at *4 (S.D. Fla. Apr. 21, 2010); *Rogatinsky v. Metropolitan Life Ins. Co.*, No. 09-80740-CIV, 2009 WL 3667073, at *3 (S.D. Fla. Oct. 26, 2009); *Waltemyer v. Nw. Mut. Life Ins. Co.*, No. 2:06-cv-597-FtM-29DNF, 2007 WL 419663, at *2 (M.D. Fla. Feb. 2, 2007).

deviate from the general rule that in a removed case the amount in controversy is determined as of the time of removal and the court cannot rely on post-removal events in examining its subject matter jurisdiction." (citing *Morrison*, 228 F.3d at 1265; *Poore v. Am.-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000)), *overruled on other grounds by Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 640 (11th Cir. 2007)).

Therefore, the amount in controversy does not include highly speculative, prospective amounts of attorney's fees, but rather includes only those fees accrued as of the time of removal. *Gold*, 2012 WL 13019199, at *2 ("The Seventh Circuit . . . , considered this issue and ruled that the amount in controversy calculation should not include 'the value of legal services that have not been and may never be incurred' because the amount of legal fees are not 'in controversy' until they are accrued." (quoting *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998))). Here, other than Defendant's conclusory assertion that a reasonable attorney's fee would easily exceed the amount necessary to satisfy the amount in controversy, Defendant has provided no evidence of the amount of fees incurred by Plaintiffs to date.

Moreover, Defendant may not rely exclusively on Plaintiffs' cursory $100,000.00 demand to satisfy its burden in this case. "[E]vidence of a settlement demand in excess of $75,000 may constitute evidence that the jurisdictional requirement has been met." *Wrubel v. Safeco Ins. Co. of Ill.*, 266 F. Supp. 3d 1372, 1374 (S.D. Fla. 2017). This is especially so where the demand contains specific and corroborating evidence reflecting an honest assessment of damages rather than mere puffing and posturing. *Moses v. Home Depot U.S.A., Inc.*, No. 13-60546-CIV, 2013 WL 11977917, at *3 (S.D. Fla. June 19, 2013); *see also Shields v. Fresh Mkt., Inc.*, No. 19-CV-60725, 2019 WL 1648974, at *2 (S.D. Fla. Apr. 17, 2019) (explaining that while a "demand letter, standing alone, may not be enough to satisfy the jurisdictional amount," when it is "combined with" supporting

documentation, it can establish the amount in controversy); *Wilson v. Target Corp.*, No. 10-80451-CIV, 2010 WL 3632794, *4 (S.D. Fla. Sept. 14, 2010) (detailed pre-suit demand letter delineated the extent of the alleged injuries, the physicians who had treated the plaintiff, and the medical care received from each of those physicians which could be considered reliable evidence that damages exceeded $75,000.00); *Katz v. J.C. Penney Corp., Inc.*, No. 09-CV-60067, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (the amount in controversy was met where Plaintiff had made a pre-suit demand, based on medical reports, in the amount of $58,995.78 in current medical expenses and $39,800.00 in future medical expenses); *Livolsi v. State Farm Mut. Auto. Ins. Co.*, No. 17-CV-80407, 2017 WL 7792572, at *2 (S.D. Fla. June 30, 2017) (remand avoided based, in part, on demand letter that "is specific and details past and future medical expenses" exceeding the jurisdictional threshold). Here, Plaintiffs' demand contains no detailed basis or evidentiary support. Rather, the demand was made in an e-mail, in which counsel simply states: "Initial Demand: 100,000 (inclusive of attorney's fees and cost)." ECF No. [1] at 63.

Upon review, the Court finds that Defendant's Notice is facially deficient in that it fails to demonstrate that the $75,000.00 amount-in-controversy requirement has been satisfied. The Court, therefore, concludes that diversity jurisdiction is lacking, rendering it without subject matter jurisdiction to preside over Plaintiffs' claims.

Accordingly, it is **ORDERED AND ADJUDGED** that this case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk of Court is directed to **CLOSE** this case.

Case No. 21-cv-20059-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 7, 2021.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record